ANDREW C. GELDERMAN, Respondent, v. MUNSON STEAMSHIP LINE, Appellant.— Judgment reversed on the law and the facts, and a new trial granted, costs to appellant to abide the event. In our opinion the evidence shows that the vessel *Munargo* was in all respects seaworthy and properly manned, equipped and supplied when she left the port of New Orleans, and at the commencement of her voyage, and that thereby the defendant is entitled to the protection of section 3 of the act of Congress, approved February 13, 1893, known as the Harter Act; and the jury having rendered a general verdict in plaintiff's favor, after the submission to it of two different and distinct theories of liability, the judgment must be reversed for the reason that it cannot be determined upon which ground the jury predicated its verdict. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

MELISSA T. GRACEY, Respondent, v. JASPER A. CAMPBELL, JR., and Others, as Copartners Doing Business under the Firm Name and Style of CAMPBELL, STARRING & COMPANY, Appellants.— Judgment reversed on the law, with costs, and complaint dismissed, with costs, upon the ground that the evidence conclusively shows that the plaintiff acquiesced in the transaction as a matter of law. Lazansky, P. J., Kapper, Scudder and Tompkins, JJ., concur; Young, J., dissents, being of opinion that the question of acquiescence on the part of the plaintiff of the sale of the stock was a question of fact and, as such, was properly submitted to the jury by the trial court.

MAX J. HAMMER, Respondent, v. SAMUEL MILLER, Appellant.— On the stipulation of the parties, judgment directed for plaintiff in the sum of $761, without costs. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

JOHN W. HAVECKER, an Infant, by HENRY HAVECKER, His Guardian ad Litem, and HENRY HAVECKER, Individually, Respondents, v. EDWARD WEISS, Appellant.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the verdict is against the weight of the evidence. Lazansky, P. J., Scudder and Davis, JJ., concur; Carswell and Tompkins, JJ., dissent and vote to affirm.

AGNES S. HOBART, Appellant, v. GEORGE L. HOBART, Respondent.— Order denying motion to vacate order reducing alimony reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, but without prejudice to defendant's making a new application under section 1170 of the Civil Practice Act. As leave to make the application was not had, the order modifying the amended judgment is void under section 1170. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

ALFRED J. HOOK, Respondent, v. HELEN V. BALLARD, Appellant. FRANCES A. HOOK, Respondent, v. HELEN V. BALLARD, Appellant.— Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.